# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

JENNIFER KELLER and GLORIA KELLER,

        Plaintiffs,

vs.

NATIONAL FARMERS UNION PROPERTY & CASUALTY, COMPANY, JOHN DOES A, B, and C,

        Defendants.

CV 12-72-M-DLC-JCL

ORDER

_____

This matter comes before the Court on Defendant National Farmers Union Property & Casualty Company's ("National Farmers Union") motion to compel Plaintiffs Jennifer Keller and Gloria Keller ("Plaintiffs") to respond to various discovery requests. The motion is granted in part and denied in part, as set forth below.

**I.**    **Background**

PAGE 1

Plaintiff Jennifer Keller ("Keller") claims she injured her head, neck, and back in an automobile accident that occurred on August 26, 2008, when the vehicle she was driving was struck from behind by an uninsured vehicle. Dkt. 9. At the time of the accident, Keller and her mother, Gloria Keller, were insured under an automobile liability policy issued by National Farmers Union. Plaintiffs made a claim for uninsured motorist benefits under the Policy.

In August 2011, Plaintiffs filed suit in state court against National Farmers Union for breach of contract. Keller and her mother, who was not in the vehicle at the time of the accident, claim damages in the form of unpaid medical expenses and $100,000 in uninsured motorist benefits. Dkt. 9, at 5. National Farmers Union removed the action to this Court under 28 U.S.C. § 1441 based on diversity of citizenship.

National Farmers Union moves under Fed. R. Civ. P. 37 for an order compelling Plaintiffs to respond to discovery requests for the production of their social network site content and Keller's pre-accident medical records. National Farmers Union also seeks fees and costs under Rule 37.

## II. Legal Standards

Courts have broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Generally speaking, litigants in a civil

PAGE 2

action are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts may, however, limit discovery that is unreasonably cumulative, overly broad, unduly burdensome, or irrelevant. Fed. R. Civ. P. 26(b)(2)(C).

If one party fails to disclose requested information, the opposing party may move to compel disclosure. Fed. R. Civ. P. 37(a)(2)(A). The party seeking to compel discovery bears the burden of showing that the discovery sought is relevant, while the party resisting discovery bears of the burden of showing that the discovery should not be allowed. See *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *DIRECT TV, Inc. v. Trone*, 209 F.R.D.455, 458 (C.D. Cal. 2002) (the party resisting discovery bears "the burden of clarifying, explaining, and supporting its objections").

### III. Discussion

#### A. Medical Records

National Farmers Union moves to compel Plaintiffs to comply with the following request for production:

PAGE 3

> Request for Production No. 15: Please produce any and all records, reports or other documentation for each physician or other health care provider with whom Plaintiff Jennifer Keller has treated or consulted for the period beginning January 1, 2000 up to August 26, 2008. If you withhold any documents from production based on a privilege claim, please produce a privilege log identifying each document and the basis for asserting any privilege.
>
> Dkt. 17-1, at 2-3.

Plaintiffs objected to this request as irrelevant, overbroad, and harassing. Dkt. 17-1, at 3. Plaintiffs took the position that they had "produced all medical records necessitated after the car wreck" and objected "that National Farmers Union Insurance made its decision to breach the coverage based upon the medical records from the car wreck and cannot now dig into the past to attempt to justify its denials to the Plaintiffs." Dkt. 17-1, at 3. Keller still has not produced any of her pre-accident medical records, thereby prompting this motion to compel.

National Farmers Union argues that Keller's pre-accident medical records are relevant and discoverable because Plaintiffs have put her medical condition at issue in this lawsuit. The Court agrees.

Plaintiffs allege that Keller "suffered injury to her head, neck, and back" as a result of the accident. Dkt. 9, at 6. Plaintiffs claim that the accident caused Keller to have "migraine headaches, and aggravation to headaches, as well as pain and suffering, emotional distress and lost course of life," and seek damages

PAGE 4

accordingly. Dkt. 9, at 5.  In doing so, Plaintiffs have directly placed Keller's medical condition at issue.  Keller's pre-accident medical records are thus relevant for purposes of determining the extent of her claimed injuries and whether those injuries were in fact caused by the accident, or whether they can be attributed, in whole or in part, to a pre-existing condition.  As National Farmers Union notes, for example, Keller reported to one medical provider in June 2009 that she had experienced headaches prior to the accident, but those headaches had since worsened.  Dkt. 17-4, at 2.  Particularly in light of this evidence, which suggests that Keller may have suffered from headaches even before the accident, National Farmers Union is entitled to conduct discovery into Keller's medical history to determine whether, and to what extent, any pre-existing conditions may be responsible for the injuries she claims were caused by the accident.

Plaintiffs' only argument to the contrary is that because National Farmers Union did not have these medical records before it when "decided to deny full payment under the Plaintiffs' insurance contract which included uninsured motorist coverage and medical payment benefits," it cannot rely on the records "in an attempt to retroactively justify [its] original claim denials."  Dkt. 18, at 3.

For purposes of establishing liability under Montana's Unfair Trade Practices Act ("UTPA"), this Court has indeed recognized that an insurer's

PAGE 5

conduct is to be judged in light of "the facts as they were known to the insurer" at the time, and "any after-acquired information cannot be used to justify prior conduct." *McCluskey v. Allstate Ins. Co.*, 2006 WL 6853110 *8 (D. Mont. Feb. 10, 2006) (citation omitted).

Here, however, Plaintiffs have not asserted any claims under Montana's UTPA. Plaintiffs' sole claim is for breach of contract. Dkt. 9, at 3-5. They allege that National Farmers Union breached the terms of the insurance "contract by refusing to pay the Plaintiffs' full damages to which they are legally entitled to recover from the owner/operator of the at fault uninsured motor vehicle." Dkt. 9, at 4. To prevail on that claim, Plaintiffs will ultimately have to prove, among other things, that Keller's alleged injuries were caused by the accident. Keller's pre-accident medical records are relevant to that issue, and are discoverable by National Farmers Union.[1] Plaintiffs have not shown or argued that producing those records would be unduly burdensome, or that National Farmers Union propounded the discovery request for purposes of harassment. Accordingly,

---

[1] To the extent Plaintiffs maintain that National Farmers Union should be precluded from discovering any social networking site content because it did not have access to that information when it denied them full payment under the insurance contract, their argument fails for the same reasons.

PAGE 6

National Farmers Union's motion to compel the production of the materials sought in Request for Production No. 15 is properly granted.

B.   **Social Network Site Content**

National Farmers Union also moves to compel Plaintiffs to comply with the following requests for the production of Plaintiffs' social networking site content:

> Request for Production No. 18:  Please produce a full printout of all of Plaintiff Jennifer Keller's social media website pages and all photographs posted thereon including, but not limited to, Facebook, Myspace, Twitter, LinkedIn, LiveJournal, Tagged, Meetup, myLife, Instagram and MeetMe from August 26, 2008 to the present.
>
> Request for Production No. 19:  Please produce a full printout of all of Plaintiff Gloria Keller's social media website pages and all photographs posted thereon including, but not limited to, Facebook, Myspace, Twitter, LinkedIn, LiveJournal, Tagged, Meetup, myLife, Instagram and MeetMe from August 26, 2008 to the present.
>
> Dkt. 17-1, at 4-5.

Plaintiffs objected to both discovery requests on the same grounds: "This request is overly burdensome and meant to harass National Farmers Union's insureds. Further, the Plaintiff will attempt to comply with this request if the Defendant will make a more manageable request."  Dkt. 17-1, at 4-5.

National Farmers Union argues as a threshold matter that Plaintiffs have waived their right to assert an absolute objection to these discovery requests because of the equivocal nature of their initial responses, in which they indicated

they would attempt to comply if National Farmers Union would make the requests more manageable. National Farmers Union claims it did just that, pointing out that it responded by giving Plaintiffs step-by-step instructions for retrieving their Facebook data. Dkt. 17-2. At that point, however, Plaintiffs indicated that they would "not be sharing their social media information." Dkt. 17-3. National Farmers Union maintains Plaintiffs should not be allowed to assert such an absolute objection at this late juncture.

But because Plaintiffs' initial responses made it sufficiently clear that they objected to producing their social network site content in response to the discovery requests as propounded, the Court declines to hold that they have waived their right to stand by that objection.

Even assuming, as the Court has decided, that Plaintiffs are still entitled to assert their absolute objection, National Farmers Union argues the objection has no merit. National Farmers Union cites *Romano v. Steelcase, Inc.*, 907 N.Y.S.2d 650, 653-57 (N.Y. Sup. Ct. 2010) for the propositions that social networking communications are often relevant for purposes of determining whether a plaintiff is injured as alleged, and that a plaintiff has no legitimate expectation of privacy in those communications because the entire purpose of social websites is to share information.

The plaintiff in *Romano* sought to recover for injuries that she claimed left her unable to participate in certain activities and affected her enjoyment of life. *Romano*, 907 N.Y.S.2d at 653. The defendant sought a court order giving it access to the plaintiff's Facebook and MySpace pages and accounts, arguing that a review of the public portions of her Facebook and MySpace pages revealed that she had an active lifestyle and had engaged in activities that were inconsistent with her alleged injuries. *Romano*, 907 N.Y.S.2d at 653.

The court concluded that the information sought by the defendant was both material and necessary to its defense and could lead to admissible evidence. *Romano*, 907 N.Y.S.2d at 654. In doing so, however, the court found it significant that the plaintiff's public profile on Facebook contained material that was contrary to her claims and deposition testimony. *Romano*, 907 N.Y.S.2d at 654. The court found it was reasonable to infer from the limited postings on the plaintiff's public Facebook and MySpace profile pages that her private pages might contain material that was relevant to her claims, and ultimately concluded that the defendant's need for access to the information outweighed any privacy concerns on the part of the plaintiff. *Romano*, 907 N.Y.S.2d at 654, 657.

The content of social networking sites is not protected from discovery merely because a party deems the content "private." See *E.E.O.C. v. Simply*

*Storage Management, LLC*, 270 F.R.D. 430, 434 (S.D. Ins. 2010); *Glazer v. Fireman's Fund. Ins. Co.*, 2012 WL 1197167 (S.D.N.Y. Apr. 5, 2012). But other courts, like the court in *Romano*, have charged a course that allows discovery of a plaintiff's social networking site content where the defendant makes a threshold showing that publicly available information on those sites undermines the plaintiff's claims. See e.g., *Thompson v. Autoliv ASP, Inc.*, 2012 WL 2342928 *4 (D. Nev. June 20, 2012) (allowing discovery where material obtained by defendant from plaintiff's public Facebook account negated her allegations that her social networking site accounts were irrelevant); *Tompkins v. Detroit Metropolitan Airport*, 278 F.R.D. 387, 388-89 (E.D. Mich. 2012) (denying discovery as overly broad where publicly available information was not inconsistent with the plaintiff's claims); *McMillen v. Hummingbird Speedway, Inc.*, 2010 WL 4403285 (Pa. Com. Pl. Sept. 9, 2010); *Zimmerman v. Weis Markets, Inc.*, 2011 WL 2065410 (Pa. Com. Pl. May 19, 2011). Courts requiring such a showing do so, at least in part, to guard against the "proverbial fishing expedition." *Tompkins*, 278 F.R.D. at 388. As the *Tompkins* court explained it, a "[d]efendant does not have a generalized right to rummage at will through information that [p]laintiff has limited from public view." *Tompkins*, 278 F.R.D. at 388. Absent some "threshold showing that the requested information is reasonably calculated to lead to the

discovery of admissible evidence," a "[d]efendant would be allowed to engage in the proverbial fishing expedition, in the hope that there *might* be something of relevance in [p]laintiff's Facebook account." *Tomkins*, 278 F.R.D. at 388. The Court agrees with this circumspect approach to the discovery of social networking site content.

National Farmers Union has not made the requisite threshold showing. With regard to Keller, National Farmers Union simply argues that because she "alleges a host of physical and emotional injuries," information found on her social networking websites "may very well undermine or contradict" those allegations. Dkt. 17, at 11. As to Plaintiff Gloria Keller, the extent of National Union's argument is that "there is no good reason for her to shield information that might shed light on her or her daughter's injuries...." Dkt. 17, at 12-13. But National Farmers Union has not come forward with any evidence that the content of either of the Plaintiff's public postings in any way undermines their claims in this case. Absent such a showing, National Farmers Union is not entitled to delve carte blanche into the nonpublic sections of Plaintiffs' social networking accounts.

**IV. Conclusion**

Accordingly,

IT IS ORDERED that Defendants' Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

(1) Defendants' motion to compel Plaintiffs to comply with Request for Production No. 15 is GRANTED;

(2) Defendants' motion to compel Plaintiffs' to comply with Request for Production Nos. 18 and 19 is GRANTED to the extent that Plaintiffs must provide a list of all the social networking sites to which they belong, but DENIED in all other respects, subject to National Farmers Union's right to renew the motion in the event it can make the threshold showing of relevance discussed above.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 37(a)(5)(C), each party is to bear its own fees and costs.

DATED this 2nd day of January, 2013

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge