# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

JENNIFER KELLER and GLORIA
KELLER,

                                                                                 CV 12-72-M-DLC-JCL

           Plaintiffs,

    vs.

                                                                                  ORDER

NATIONAL FARMERS UNION
PROPERTY & CASUALTY
COMPANY, JOHN DOES A, B,
AND C,

           Defendants.
_____

      Before the Court is the motion of Defendant National Farmers Union Property & Casualty Company requesting the Court to dismiss this action as a sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for the Plaintiffs Jennifer Keller and Gloria Keller's failure to respond to the Court's order of January 2, 2012, directing the Kellers to respond to National Farmers Union's request for production of Jennifer Keller's medical records. In the alternative, National Farmers Union advocates for the imposition of a lesser – but unspecified – sanction allowed under Rule 37(b)(2) together with and award of attorneys fees and expenses.

## I. Background and Procedural History

This action has its genesis in an automobile accident that occurred on August 26, 2008, when the vehicle Jennifer Keller was driving was rear ended by an uninsured vehicle. Jennifer and her mother, Gloria Keller, who was not in the vehicle at the time of the accident, made a claim for uninsured motorist benefits under an automobile liability policy issued by National Farmers Union insuring the Kellers' vehicle.

The Kellers instituted this action against National Farmers Union for breach of contract. The Kellers claim damages in the form of unpaid medical expenses and $100,000 in uninsured motorist benefits. Jennifer Keller claims she sustained head, neck, and back injuries in the underlying accident.

During the course of discovery, National Farmers Union served a request for production upon the Kellers seeking the production of Jennifer Keller's medical records for the time period from January 1, 2000 to August 26, 2008 – the date of the underlying accident. The Kellers objected to the request as irrelevant, overbroad, and harassing. On January 2, 2013, the Court entered an order granting National Farmers Union's motion to compel seeking production of Jennifer

Keller's medical records for the referenced time period.[1] The Court's January 2, 2013, order did not set a date certain for the production of the medical records. On February 11, 2013, National Farmers Union filed the present motion for sanctions advising the Court that as of February 11, 2013, and notwithstanding repeated requests to the Kellers' attorney for the records, National Farmers Union has not received any of Jennifer Keller's medical records.[2]

For purposes of completeness, it is also important to note that on January 16, 2012, National Farmers Union filed a motion requesting the Court to extend the January 25, 2013, deadline for disclosing National Farmers Union's damages experts to March 6, 2013. The Kellers did not file a response to that motion. And on February 5, 2013, the Court granted the motion for extension of the disclosure deadline – an extension that was necessitated by the fact that Jennifer Keller's medical records had not been produced as of that date.

---

[1] The January 2, 2013, order also granted in part and denied in part National Farmers Union's motion to compel the Kellers to respond to discovery requests for the production of information pertaining to their social networking sites. That aspect of the January 2, 2013, is not at issue.

[2] On February 8, 2013, the Kellers filed a "Notice of Compliance" advising the Court that the Kellers had complies with the Court's order of January 2, 2013, as it pertained to the social media networking information. The Notice did not mention anything regarding Jennifer Keller's medical records.

The Kellers have not filed a response to National Farmers Union's motion for sanctions as required by Local Rule 7.1(d)(1)(B) – a failure which the Rule provides may be deemed an admission that the motion is well-taken.

## II. Analysis

When a party to fails to obey an order to provide discovery, Federal Rule of Civil Procedure 37(b)(2)(a) vests the Court with broad discretion to impose any sanction or combination of sanctions it deems appropriate, including those listed in the rule itself. A violation of an order to provide or permit discovery is a prerequisite to the imposition of sanctions under Rule 37(b).

The Court's order of January 2, 2013, granting National Farmers Union's motion to compel constitutes "an order to provide or permit discovery" within the meaning of Rule 37(b)(2). *See United States v. Westinghouse Electric Corp.,* 648 F.2d 642,650-53 (9th Cir. 1981)(order requiring two defendant corporations that had filed partial answers to a set of interrogatories to provide complete answers by a date certain was "an order to provide or permit discovery" within the meaning of Rule 37(b)(2)). But because the January 2, 2013, order did not expressly set forth a date certain by which the Kellers were to provide a response, the dispositive sanction of dismissal requested by National Farmers Union would not be appropriate.

Under the circumstances, the Court views National Farmers Union's motion as a second motion to compel the production of Jennifer Keller's medical records for the stated time frame. By not including a date certain in its order of January 2, 2013, the Court implicitly allowed the Kellers the full 30 days allowed by Fed. R. Civ. P. 34(b)(2) to respond to the request for production. The Kellers did not provide a response within that 30 day period. Nor have they bothered to respond to the current motion.

### III. Conclusion

The Kellers' failure to produce Jennifer's medical records has forced National Farmers Union to twice seek the intervention of the Court and jeopardized the Fed. R. Civ. P. 16 scheduling order entered in this matter and ultimately the trial date of July 7, 2013. National Farmers Union is entitled to an award of expenses from Keller's counsel of record as mandated by Fed. R. Civ. P. 37(a)(5)(A) absent a showing that the nondisclosure of Jennifer Keller's medical records was substantially justified, or other circumstances make the award of expenses unjust.

Therefore, IT IS HEREBY ORDERED that National Farmers Union's motion is GRANTED to the following extent:

(1) The Kellers shall, on or before March 19, 2013, provide a complete response to National Farmers Union's Request for Production No. 15;

(2) Counsel of record for the Kellers, Ms. Tracey Morin, shall, on or before March 19, 2013, show cause why she should not be required, under authority of Fed. R. Civ. P. 37(a)(5)(A), pay the expenses – including attorneys fees – incurred by National Farmers Union in making its second motion to compel.

IT IS SO ORDERED.

The Kellers are expressly advised that failure to comply with this Order will result in the dismissal of this case with prejudice under authority of Fed. R. Civ. P. 37(b)(2)(v).

IT IS FURTHER ORDERED that on or before March 14, 2013, National Farmers Union, shall file an affidavit of counsel that sets forth the reasonable expenses – including attorneys fees - that were incurred by National Farmers Union in the presentation of its second motion to compel.

Finally, IT IS ORDERED that National Farmers Union shall have until April 10, 2013, to disclose its damages experts.

DATED this 8th day of March, 2013.

Jeremiah C. Lynch
United States Magistrate Judge